# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| EDWARD TORRES, Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | No. 25-1775V<br>Special Master Christian J. Moran<br><br>Filed: August 3, 2026 |

Leigh Finfer, Muller Brazil, LLP, Dresher, PA, for petitioner;
Mallori Browne Openchowski, United States Dep't of Justice, Washington, D.C., for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

Petitioner, Edward Torres, filed a petition for compensation on October 21, 2025, alleging that the pneumococcal conjugate ("Prevnar 20") vaccine he received on May 25, 2024, caused him to suffer from Guillain-Barré syndrome ("GBS"). On July 31, 2026, Mr. Torres filed a motion for a decision dismissing his petition,

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

## I. Procedural History

Mr. Torres filed his petition on October 21, 2025, alleging that the Prevnar 20 vaccine he received on May 25, 2024, caused him to suffer from GBS. After filing medical records, Mr. Torres filed a statement of completion on November 20, 2025.

The case was reassigned to the undersigned on January 16, 2026. On April 29, 2026, the undersigned issued an order advising of a recent decision denying compensation for a claim that the Prevnar-13 vaccine caused a petitioner to suffer from GBS. Romine v. Sec'y of Health & Human Servs., No. 19-468V, 2026 WL 937898 (Fed. Cl. Spec. Mstr. Mar. 13, 2026). It was also noted that the Federal Circuit held that it was not arbitrary or capricious for a special master to deny entitlement in a Prevnar-GBS case even though other special masters have granted entitlement in cases with similar facts and evidence. Gamboa-Avila v. Sec'y of Health & Hum. Servs., 166 F.4th 1318 (Fed. Cir. 2026). Mr. Torres was instructed to review Romine and to file a status report explaining whether he anticipated filing evidence that (1) differed from the evidence in Romine, and (2) would potentially lead to a different result. The deadline for Respondent's Rule 4(c) Report was suspended.

Mr. Torres filed a status report on May 29, 2026, detailing consultations with experts and the experts' proposed theories and literature. A status conference was held on June 16, 2026. The Secretary raised potential concerns regarding the GBS diagnosis, noting references to CIDP in the medical records. Mr. Torres anticipated filing an amended petition and expert reports. A deadline was set for both parties' expert reports and the Rule 4(c) Report. However, Mr. Torres was also advised that he seemed unlikely to receive compensation, and reminded that even if a claim is found to be supported by reasonable basis and good faith, special masters retain discretion not to award attorneys' fees and costs. Order, issued June 16, 2026 (citing 42 U.S.C. § 300aa–15(e); James-Cornelius v. Sec'y of Health & Hum. Servs., 984 F.3d 1374, 1379 (Fed. Cir. 2021) ("even when [good faith and reasonable basis] are satisfied, a special master retains discretion to grant or deny attorneys' fees"); Wirtshafter v. Sec'y of Health & Hum. Servs., 155 Fed. Cl. 665, 675-76 (2021) (after determining that reasonable basis supported petitioner's claim as a matter of law, remanding for special master to determine whether to exercise discretion to award reasonable attorneys' fees and costs)). Additionally, concerns were raised about the credibility of one of the experts.

On July 31, 2026, Mr. Torres filed a motion to dismiss his petition. Mr. Torres states that his treating physician has confirmed that the most probable diagnosis for Mr. Torres is CIDP. One of Mr. Torres's experts could not apply her previous opinion to a CIDP diagnosis. Given the concerns about the other expert's credibility, Mr. Torres decided not to move forward with submitting an expert report and instead filed the motion to dismiss.

## II. Analysis

To receive compensation under the National Vaccine Injury Compensation Program ("Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, Mr. Torres filed medical records in support of his claim, but he did not file an expert report. Mr. Torres instead wishes to have his claim dismissed. Given Mr. Torres's clear intent that a judgment issue in this case, the undersigned will construe this as a motion filed pursuant to 42 U.S.C. § 300aa-21(b) (regarding involuntary dismissal).

To conform to § 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, Mr. Torres did not file an expert report to support his claim that the May 2024 vaccination caused him to suffer from GBS. Therefore, there is insufficient evidence to support a finding of vaccine-causation.

**Thus, this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** See Vaccine Rule 21(b).

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master